Kinsey v. Stanton.

PEARSON KINSEY, for use, etc., v. J. C. STANTON et al.

APPEAL BOND. *For costs alone.* *When required.* A bond for costs alone is required on appeal from a decree for the sale of land. In such case the real estate is itself security for the satisfaction of the decree upon affirmance here.

Code cited and construed: Secs. 3164, 3164a.

FROM HAMILTON.

From the Chancery Court at Chattanooga.

No record found.

Motion to dismiss appeal.

NICHOLSON, C. J., delivered the opinion of the court.

Kinsey filed his attachment bill against Stanton to enforce his mechanic's lien on the real estate attached. The Chancellor held that Kinsey had a mechanic's lien, which he had a right to have enforced by the sale of the property. The amount for which he had a lien was ascertained, and a decree for the amount rendered, but no execution was awarded. The sale of the property was postponed for other proceedings, which rendered the postponement proper.

From this decree Stanton was allowed by the Chancellor to appeal, upon giving a bond in $250 for costs.

The motion now is to dismiss the appeal because

the bond is not given in double the amount of the decree. Under sec. 3164*a* of the Code the bond for costs was proper. The secs. 3164 and 3164*a* must be construed together, and so construed it was intended that, although there might be a decree for a specific amount of money, yet, if real estate is ordered to be sold for the satisfaction of the decree, the bond on appeal is only to be for the costs. The reason of the statute is that the real estate is bound for the satisfaction of the decree upon affirmance in this court. The motion to dismiss the appeal is, therefore, disallowed.